## PRIDE v. THE STATE.

On the trial of one charged, under the Penal Code, § 151, with robbery by force and intimidation, it is error to charge the provisions of the amendment to that section (Acts 1903, p. 43), declaring that the sudden snatching, taking or carrying away any money, etc., from the owner or person in possession thereof, without the consent of the owner or person in control thereof, shall also be robbery.

Argued January 15,—Decided February 15, 1906.

Indictment for robbery.  Before Judge Roan.  Fulton superior court.  December 2, 1905.

*Robert L. Rodgers,* for plaintiff in error.

*Charles D. Hill, solicitor-general,* contra.

FISH, C. J.  Jesse Pride was indicted for robbery.  The indictment charged that, on a given day, in Fulton county, he "did, from the person of Mrs. B. F. Allen, wrongfully, fraudulently, by force and intimidation, violently take, without the consent of her, the said Mrs. B. F. Allen, and with intent to steal the same, four dollars and forty-four cents in money," etc.  On the trial Mrs. Allen testified that the accused came to her and her husband, in Fulton county, ostensibly for the purpose of buying butter from them, and asked if they could change a five-dollar bill.  She said: "I first told him we could not, but I counted the money and said, 'Yes, I believe I can,' and I had it in my hand and went to hand it to him, and he had the five in his hand, and I thought he was going to hand it to me, but he just grabbed mine and run.  Of course, he hurt my hand; he scratched my hand."  The court, in charging the jury, read section 151 of the Penal Code, which is as follows : "Robbery is the wrongful, fraudulent, and violent taking of money, goods, or chattels from the person of another by force or intimidation, without the consent of the owner."  He then instructed the jury that this section had been amended by the act of August 6, 1903, and then read to them the amendment, which added to it the following: "or the sudden snatching, taking or carrying away any money, goods, chattels, or anything of value from the owner or person in possession or control thereof."  The accused was found guilty, and thereupon moved for a new trial, one of the grounds of the motion being that the court erred in giving in charge the amendment to section 151 of the Penal Code, because the provisions of such amendment were not applicable to the

charge in the indictment. A new trial was refused, and the accused excepted. Section 151 of the Penal Code, prior to its amendment by the act of 1903, defined two grades of robbery, viz., robbery by force, and robbery by intimidation. *Long* v. *State,* 12 *Ga.* 293. In *Spencer* v. *State,* 106 *Ga.* 692, it was held, in accordance with previous decisions of this court: "Suddenly snatching a purse, with intent to steal the same, from the hand of another, without using intimidation, and where there is no resistance by the owner, or injury to his person, does not constitute robbery." This decision was rendered in 1898, and was followed in *Jackson* v. *State,* 114 *Ga.* 826, the decision in which was rendered in 1902. In 1903 section 151 of the Penal Code was amended so as to make that section read as follows: "Robbery is the wrongful, fraudulent, and violent taking of money, goods, or chattels from the person of another by force or intimidation, without the consent of the owner, or the sudden snatching, taking or carrying away any money, goods, chattels or anything of value from the owner or person in possession or control thereof, without the consent of the owner or person in possession or control thereof." Acts 1903, p. 43. This amendment added another distinct grade of robbery to the two which had previously existed under the laws of this State. While all three of the grades of that offense now provided for may be charged in the same indictment, manifestly it is not proper, where only one grade is charged, to instruct the jury as to the law applicable to the other two grades; and of course it is equally improper, where two of the grades only are charged in the indictment, to instruct the jury as to the other grade. No citation of authority is required to support this plain legal proposition. It is also manifest that if in a case where the indictment charges only two of the grades, the court gives in charge to the jury the law applicable to the other, which is not covered by the indictment, and the evidence introduced upon the trial is such that the accused was likely injured by such erroneous instruction, it is cause for a new trial. The charge of the court complained of in the present case, in view of the evidence as to how the money was taken from Mrs. Allen, was certainly calculated to prejudice the accused, who was entitled to be tried for the offense of robbery only as it was-charged in the indictment. The judgment refusing a new trial must, therefore, be

*Reversed. All the Justices concur.*