PRIDE *v.* THE STATE.

The act of the General Assembly approved August 6, 1903 (Acts of 1903, p. 43), amending the Penal Code, § 151, defining robbery, by adding to that section "or the sudden snatching, taking, or carrying away any money, goods, chattels, or anything of value from the owner or person in possession or control thereof, without the consent of the owner or person in possession or control thereof," did not create an independent and new statutory offense, nor abolish the distinctive element which differentiates the crime of robbery from larceny, i. e. violence. Robbery which is committed by a sudden snatching, as described in the amending act, is robbery by force, and is punishable as prescribed in the Penal Code, § 152.

Argued May 23,—Decided July 2, 1906.

Indictment for robbery.   Before Judge Roan.   Fulton superior court.   April 25, 1906.

*Robert L. Rodgers,* for plaintiff in error.

*Charles D. Hill, solicitor-general,* contra.

EVANS, J.   The defendant was indicted for robbery, and the indictment was framed under the act of 1903, amending the Penal Code, § 151; the charge was laid substantially in the language of the amendment.   A demurrer was interposed on the grounds, that the indictment failed to allege that the robbery was committed by force or intimidation, and because the act of 1903 created a new statutory offense, and that no penalty was prescribed for the violation of the act.   The demurrer was overruled, and the points thereby made are now under review.

Penal Code, § 151, defines robbery: "Robbery is the wrongful, fraudulent, and violent taking of money, goods, or chattels from the person of another by force or intimidation, without the consent of the owner."   The punishment is provided in §§ 152, 153: "Robbery by open force or violence shall be punished by imprisonment and labor in the penitentiary for not less than four years nor longer than twenty years."   "Robbery by intimidation, or without using force and violence, shall be punished by imprisonment and labor in the penitentiary for not less than two years nor longer than

twenty years." The General Assembly subsequently amended section 151 by adding thereto the following language: "or the sudden snatching, taking, or carrying away any money, goods, chattels, or anything of value from the owner or person in possession or control thereof, without the consent of the owner or person in possession or control thereof." Acts of 1903, p. 43. The element in the crime of robbery which distinguishes it from larceny is the violence which precedes the taking. "There can be no *robbery* without violence, and there can be no *larceny* with it." *Long* v. *State,* 12 *Ga.* 318. In *Spencer's* case, 106 *Ga.* 692, it was ruled that suddenly snatching a purse with intent to steal the same, from the hand of another, without using intimidation and where there is no resistance by the owner or injury to his person, does not constitute robbery. This decision was made before the amendment, and as the amending act was passed soon after its rendition, it would not be too bold to assume that the amendment was intended to meet the proposition there enunciated. It could not have been the legislative purpose to create a separate, distinct, and substantive offense as therein defined, because the subject-matter of the amendment was to be applied to the offense of robbery; nor to completely abolish the distinctive feature of the crime of robbery which differentiates it from larceny, i. e. violence, because that would attribute to the General Assembly the vanity of changing the name of an offense without attaching to it the essential characteristics of the offense to which it was joined by the amendment. The section as amended denounces a single offense. *Pride's* case, 124 *Ga.* 791. In the last-cited case Chief Justice Fish said: "This amendment added another distinct grade of robbery to the two which had previously existed under the laws of this State." This was said arguendo, and it is apparent that the Chief Justice intended to be understood as saying that robbery under the amended statute might be committed in any one of three ways, viz., by open force, or by intimidation, or by a sudden snatching in the manner prescribed in the amendment. The offense of robbery, as defined in section 151 as amended, consists in the wrongful, fraudulent, and violent taking of money, etc., from the person of another, whether such a taking be accomplished by force, intimidation, or the sudden snatching without the consent of the owner or person in possession. The

force contemplated by the original code section is that used by the thief to possess himself of the property, where there is some resistance by the owner or injury to his person. *Smith* v. *State,* 117 *Ga.* 320. The legislative intent, as gathered from the amendment, was to declare the act to be robbery where the property was suddenly taken by the thief from the owner, who was off his guard, and no force was used by the thief other than was necessary in possessing himself of the article taken. No force, since the amendment, is necessary to be exerted beyond the effort of the robber to transfer the property taken from the owner to his own possession. *Hickey* v. *State,* 125 *Ga.* 145. The sudden snatching from the victim with his knowledge is violence in the sense of this word as used in the amending act. In other words, the General Assembly has enlarged the meaning of the words "open force and violence," as used in the section of the Penal Code; so that the crime of robbery may now be committed by force exerted directly upon the person robbed, or by suddenly snatching the property from the person, where no other force is used than is necessary for the thief to obtain possession of the property. The statute as amended, when given this construction, punishes the sudden snatching as a robbery committed by force and violence, as contained in section 152 of the Penal Code.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*