## 8399.   HUNTER v. THE STATE.

WADE, C. J.   1.   While section 5884 of the Civil Code (1910) declares that,
    "if a witness swear willfully and knowingly falsely, his testimony
    ought to be disregarded entirely, unless corroborated by circumstances,
    or other unimpeached evidence," yet even without any corroboration the
    jury may credit a witness against whom there is impeaching evidence.
    It is for them to say whether he has sworn "willfully and knowingly.
    falsely;" and the whole question as to the credibility of witnesses is
    for the jury, under any and all circumstances.   *Rice* v. *Eatonton*, 15
    *Ga. App.* 505, 508, 509, 510 (83 S. E. 868); *Huff* v. *Brown,* 104 *Ga.*
    521, 523 (30 S. E. 808); *Brown* v. *State*, 10 *Ga. App.* 50 (72 S. E.
    537); *Solomon* v. *State*, 10 *Ga. App.* 469 (73 S. E. 623); *Ramsey* v.
    *Atlanta*, 15 *Ga. App.* 345 (83 S. E. 148), and cases there cited; *Brown*
    v. *State*, 17 *Ga. App.* 402 (2) (87 S. E. 155).

2. The evidence sufficiently supported the inference that a sale was intended and effected by the defendant.

3. The court did not err in refusing to exclude the testimony of a witness that to the best of his knowledge and belief the defendant on trial was the man who had sold him whisky. The value of this testimony was for the jury, and the question of identity was a matter wholly for their determination. *Gray* v. *State*, 6 *Ga. App.* 428 (4), 432 (65 S. E. 191).

4. The court confined the testimony as to the purchase of intoxicants from the defendant to a period of two years prior to the finding of the indictment, and expressly ruled out anything in the answer of a certain witness that might refer to transactions occurring prior to that period. The court did not err in declining to rule out the testimony altogether.

5. The trial court did not err in overruling the motion for a new trial.

> *Judgment affirmed. George and Luke, JJ., concur.*
> DECIDED MARCH 23, 1917.

Indictment for sale of liquor; from Pike superior court—Judge Searcy. December 26, 1916.

*C. J. Lester, Henry O. Farr,* for plaintiff in error.

*E. M. Owen, solicitor-general,* contra.