## 21249. KIRBY v. THE STATE.

BROYLES, C. J. 1. The defendant was indicted for robbing S. P. Warnock of a certain amount of money, the property of A. R. King. Upon the trial the court did not err in refusing to exclude the testimony of Warnock that it was his best judgment that the defendant was the man that held him up and robbed him. "The value of this testimony was for the jury, and the question of identity was a matter wholly for their determination." *Hunter* v. *State*, 19 *Ga. App.* 615 (3) (91 S. E. 927) and cit.

2. The second special ground of the motion for a new trial is too defective to be considered, since it is based on an alleged error in admitting certain documentary evidence and the evidence is not set forth in the ground nor attached as an exhibit thereto. *Trammell* v. *Shirley*, 38 *Ga. App.* 710, 718 (145 S. E. 486).

3. The third special ground merely complains of the overruling of an objection to a certain question propounded to a witness, and does not allege that the question was ever answered. The ground, therefore, is obviously without merit.

4. The fourth special ground shows that the only objection made to the admission of certain evidence was that the evidence "could serve no useful purpose in this investigation." The objection is not specific enough to raise any question for the decision of this court. *Whitman* v. *State*, 39 *Ga. App.* 547 (2) (147 S. E. 798); *Gordon* v. *Gilmore*, 141 *Ga.* 347 (2a) (80 S. E. 1007); *Hayes* v. *State*, 36 *Ga. App.* 668 (1e) (137 S. E. 860); *Trammell* v. *Shirley*, 38 *Ga. App.* 710 (supra).

5. The fifth special ground assigns error on the failure of the court to charge the jury "concerning their duty with reference to passing upon the credibility of the witnesses in the case." The ground does not allege that the court was requested so to charge. Under repeated decisions of the Supreme Court and of this court, the failure so to charge was not error, in the absence of a timely and appropriate written request. See *Baker* v. *State*, 14 *Ga. App.* 578 (3) (81 S. E. 805).

6. The only error alleged in the sixth special ground is that the court in charging on the defendant's statement said: "If he failed to tell you the truth he incurred no penalty by reason of such failure." This was not error. *Ryals* v. *State*, 125 *Ga.* 266 (54 S. E. 168); *Goolsby* v. *State*, 133 *Ga.* 427 (3), 430 (66 S. E. 159).

7. The alleged newly discovered evidence is cumulative and impeaching, and is not of such a character as would probably produce a different verdict upon another trial. Furthermore, it appears likely that by the exercise of proper diligence the evidence could have been discovered before the trial.

8. The verdict was amply authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 31, 1931. REHEARING DENIED APRIL 14, 1931.

*J. H. Kirby, M. V. Mooty,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.