## OSBORNE *v.* THE STATE.

HAWKINS, Justice. An indictment in two counts, the first charging robbery by force and intimidation, and the second charging robbery by "suddenly snatching," was returned against Hugh Osborne. The trial judge charged the jury that "the facts in the case do not apply to the second

count, which is sudden snatching; so I ask you to confine yourself to the first count." The jury returned a verdict of guilty on the first count, and fixed punishment at four years minimum and ten years maximum. A motion for new trial, based on the usual general grounds, was filed, and later amended by three additional grounds. Counsel for the plaintiff in error argue only the general grounds and ground 3 of the amended motion for new trial. *Held*:

1. "A writ of error complaining of the judgment overruling the defendant's motion for new trial was transferred to this court by the Court of Appeals. The statute fixing the punishment for robbery by force (Ga. L. 1937, pp. 490, 491; Code, Ann. Supp., § 26-2502) imposes the death penalty unless the jury recommends mercy. The Constitution of this State, article 6, section 2, paragraph 4 . . [Code, Ann., § 2-3704], gives exclusive jurisdiction to this court of writs of error in all 'cases of conviction of a capital felony.' The jurisdiction is determined, not by what punishment is actually imposed, but according to whether or not a *conviction* is had 'of a capital felony,' Hence, this court, and not the Court of Appeals, has jurisdiction of the present writ of error." *Birdell* v. *State,* 200 *Ga.* 785 (1) (38 S. E. 2d, 589).

2. "There being no evidence to sustain a verdict of robbery by sudden snatching, the trial judge properly excluded this charge in the indictment from consideration by the jury." *Hollis* v. *State,* 207 *Ga.* 581 (2) (63 S. E. 2d, 373).

3. Ground 3 of the amended motion for new trial contends that the court erred in charging the jury: "the judge cannot express an opinion on the evidence; the law does not permit him to do so, and the case would be reversed if he did so"; movant averring that this portion of the charge was prejudicial in that it expressed the court's opinion by implication since, when the court stated that if it expressed an opinion the case would be reversed, the jury knew by intimation that only the defendant could reverse the same, and that no verdict rendered in the same could be reversed by the State, and that this implied that the court, if allowed to express an opinion, would express its opinion unfavorably to the defendant. This ground is without merit. What the judge said is nothing more than a statement of the law as contained in Code § 81-1104, which reads in part as follows: "It is error for any judge . . in his charge to the jury, to express or intimate his opinion as to what has or has not been proved, or as to the guilt of the accused; and should any judge of said court violate the provisions of this section, such violation shall be held by the Supreme Court or Court of Appeals to be error, and the decision in such case reversed." Furthermore, the judge immediately followed the above-mentioned excerpt from the charge complained of by stating "there is a question of fact in this case, and it is up to you gentlemen to determine it," and then explained that the fact to be determined by the jury was the guilt or innocence of the accused and the various forms of verdicts that it would be possible for them to render. *Smalls* v. *State,* 105 *Ga.* 669 (4), 673 (4) (31 S. E. 571); *Mitchell* v. *State,* 190 *Ga.* 571 (3) (9 S. E. 2d, 892); *Carroll* v. *State,* 204 *Ga.* 510 (3), 514 (50 S. E. 2d, 330).

4. The general grounds are without merit. "The evidence authorized

the verdict. The victim, irrespective of the testimony as to his extra-judicial identification of the defendant as his assailant, testified positively as to his identity at the trial, and there was testimony from other sources, . . which tended to corroborate the positive testimony of the victim identifying the defendant as his assailant." *Boyers* v. *State*, 198 *Ga.* 838, 842 (1) (33 S. E. 2d, 251). See also *Hollis* v. *State*, 207 *Ga.* 581 (1) (63 S. E. 2d, 373). The question of identity of the defendant as the person committing the robbery is for the jury. 53 Am. Jur. 180, § 209; 53 Am. Jur. 239, § 282; *Kirby* v. *State*, 43 *Ga. App.* 102 (1) (158 S. E. 438); *Gray* v. *State*, 6 *Ga. App.* 428 (4), 432 (4) (65 S. E. 191).

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., and Almand, J., not participating.*

No. 17947. SUBMITTED JULY 15, 1952—DECIDED SEPTEMBER 2, 1952.

*John J. Sullivan* and *Edwin Maner*, for plaintiff in error.

*Andrew J. Ryan Jr., Solicitor-General, Sylvan A. Garfunkel, Thomas M. Johnson Jr., Eugene Cook, Attorney-General,* and *Rubye G. Jackson,* contra.