704

HAWKINS, Justice. An indictment in two counts, the first charging robbery by force and intimidation, and the second charging robbery by sudden snatching, was returned against the defendant F. A. Coleman, and another man by the name of Ruggieri. The defendants were tried together. The jury returned a verdict of guilty against each defendant, and fixed punishment for each at four years minimum and four years maximum. The defendant Coleman alone filed a motion for new trial, based on the usual general grounds, and later amended his motion by adding six additional grounds. *Held:*

1. A writ of error complaining of the judgment denying the defendant's motion for new trial as amended was transferred to this court by the Court of Appeals. The statute fixing the punishment for robbery by force (Ga. L. 1937, pp. 490, 491; Code, Ann., § 26-2502) imposes the death penalty unless the jury recommends mercy. The Constitution of this State, article 6, section 2, paragraph 4 (Code, Ann., § 2-3704), gives exclusive jurisdiction to this court of writs of error in all "cases of conviction of a capital felony." Jurisdiction is determined, not by what punishment is actually imposed, but according to whether or not a conviction is had "of a capital felony," and, therefore, this court and not the Court of Appeals, has jurisdiction of the present writ of error. *Osborne* v. *State,* 209 *Ga.* 345 (1) (72 S. E. 2d 317).

2. The first ground of the amended motion for a new trial assigns error upon the refusal of the trial judge, on motion of the defendant's counsel, to direct a verdict for the defendant, it being insisted that the evidence failed to show venue of the offense in Chatham County, as alleged in the indictment. This ground is without merit. It is not error to refuse to direct a verdict in a criminal case. *Williams* v. *State,* 206 *Ga.* 107 (10) (55 S. E. 2d 589). There was ample evidence to establish venue as alleged in the indictment, a member of the Chatham County Police Force having testified positively that the place where the victim said he was attacked and robbed was in Chatham County. See, in this connection, *Scott* v. *State,* 210 *Ga.* 137 (5) (78 S. E. 2d 35); *Wells* v. *State,* 210 *Ga.* 422 (2) (80 S. E. 2d 153).

3. The second special ground of the motion complains of the charge of the court defining principals in the first and second degree, it being insisted that there was no evidence to authorize that portion of the charge dealing with constructive presence of a principal in the second degree. While the principle of constructive presence was not involved, the charge as given having specifically instructed the jury that, "If a crime has been actually committed by someone who is guilty thereof, he is a principal in the first degree, and the principal in the second degree is one who was not only actually or constructively present when the crime was committed, but consented thereto and participated with criminal intent therein by aiding and abetting, encouraging, counselling, advising, commanding or procuring its commission," it could not have been harmful to the defendant, since the evidence for the State and the statement of this defendant show that he was present with the other defendant at the time the robbery is alleged to have been committed. *Brown* v. *State,*

125 *Ga.* 281 (1) (54 S. E. 162). In view of the charge as thus given, it was not error, as complained of in the third special ground of the motion, to fail to charge, without request, that "mere proof of presence is not sufficient to render one an aider or abettor or authorize his conviction."

4. In the instant case the evidence disclosed that a watch belonging to the alleged victim of the robbery was found shortly thereafter in the possession of the defendant jointly indicted and tried with the plaintiff in error. The charge of the court that, "In considering the evidence and the defendants' statements, if you find that the property or any part of it alleged to have been taken from the person of the party claiming to have been robbed, if any of that property so taken was found recently in the possession of the defendants or one of them, you may consider that circumstance and give it such weight as you see proper on the question of whether it establishes beyond a reasonable doubt that this person, in whose possession the alleged stolen property was found, did actually perpetrate the crime charged," is not subject to the criticism that it was confusing to the jury or misleading to the jury and erroneous because it had the effect of authorizing the jury to presume the defendant Coleman's guilt from the possession of stolen goods by the defendant Ruggieri. The charge as given specifically limited its application to the person "in whose possession the alleged stolen property was found."

5. It was insisted by the State in this case that the present plaintiff in error and the other defendant jointly indicted and tried with him had robbed the alleged victim, and one of the circumstances relied upon by the State as showing the guilt of the joint defendant was the recent possession by him of the watch of the victim. Both of the defendants denied that there had been any robbery, and contended that the defendant Ruggieri had purchased the watch from the alleged victim, paid him the sum of $5 therefor, after having refused to lend him $10 with the watch as security. Under such circumstances, it was error, as complained of in special ground 5, for the trial judge to instruct the jury that "the evidence shows that there was a robbery and a robbery by force." While it is stated by the trial judge, in his order denying the motion for a new trial, that this language was used with the purpose in mind of eliminating from the consideration of the jury the charges of robbery by intimidation and robbery by sudden snatching, which offenses were also charged in the indictment but not supported by the evidence, it is clearly the expression of an opinion by the trial judge as to what had been proved, which is prohibited by Code § 81-1104, and requires the grant of a new trial.

6. Ground 6 of the amended motion for new trial contends that the court erred in charging the jury: "Robbery is the . . . sudden snatching, taking or carrying away of any money, goods, chattels or anything of value from the owner or person in possession or control thereof without the consent of the owner or person in possession or control thereof, and with intent to steal the same"; the movant averring that this portion of the charge was erroneous because (a) defendants were indicted for robbery by force; (b) the indictment was not for robbery by snatching; and (c) there was no evidence of robbery by snatching. Counsel for the plaintiff in error in their brief concede, and properly so, that the

indictment contained a count charging robbery by sudden snatching, but still contend that there was no evidence to support this charge in the indictment, and that, therefore, it was prejudicial to the defendant Coleman for the court to have given this law in charge. The trial judge substantially charged Code (Ann.) § 26-2501 in its entirety, including the definition of robbery by sudden snatching. While it has been held that the giving in charge of this portion of the Code section in a case where robbery by sudden snatching is not charged in the indictment, but is shown by the ·evidence, is reversible error, because it would authorize the conviction of the defendant of a crime which was not charged in the indictment (*Pride* v. *State,* 124 *Ga.* 791, 53 S. E. 192), it has also been held that the giving in charge of this portion of the Code section is not reversible error where in other portions of the charge the judge specifically confines the jury to a determination of the guilt of the accused of robbery by force or. intimidation, where those offenses alone are involved. *Blackshear* v. *State,* 20 *Ga. App.* 87 (1) (92 S. E. 547). Considered in connection with the charge as a whole, the charge here complained of would not constitute reversible error; but since a new trial must be had because of the error pointed out in the preceding division of the opinion, this question can be eliminated on another trial of the case.

*Judgment reversed. All the Justices concur.*

SUBMITTED JUNE 13, 1955—DECIDED JULY 12, 1955.

*Myrick & Myrick,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General, Eugene Cook, Attorney-General, Sylvan A. Garfunkel, Thomas M. Johnson, Jr., Rubye G. Jackson,* contra.