Abraham N. (Teller, J.
This is a motion for resentence. A prior motion by defendant for the same relief was denied by this court by an order entered on December 19, 1957. The court is treating the instant motion as one for reargument. The motion for reargument is granted and upon such reargument the court adheres to its original determination.
Defendant, having been sentenced by this court as a second felony offender, seeks to be resentenced as a first felony offender on the ground that his Georgia conviction was not a proper predicate for multiple offender punishment under section 1941 of the Penal Law.
Defendant was found guilty in Georgia by a general verdict under a two-count robbery indictment. The statute, section 26-2501 of the Georgia Code Annotated, upon which the indictment was based reads as follows: “ 26-2501. (148 P.C.) Definition.— Bobbery is the wrongful, fraudulent, and violent taking of money, goods, or chattels from the person of another by force or intimidation, without the consent of the owner, or the sudden snatching, taking, or carrying away any money, goods, chattels, or anything of value from the owner or person in possession or control thereof without the consent of the owner or person in possession or control thereof.” (Cobb. 791. Acts 1903, p. 43.)
The first count of the indictment is apparently based on the first portion' of the statute and alleges in part and in substance that the defendant wrongfully, fraudulently and violently took certain property from the person of the complain *115 ant by force and intimidation without the consent of the complainant. The second count of the indictment is apparently based on the second portion of the statute and alleges in part and in substance that the defendant suddenly snatched certain property from the owner thereof, to wit, the complainant, and without his consent took and carried such property away. There are additional allegations in each of the above counts of the indictment which do not correspond to any provisions in the statute. Such additional allegations must therefore be disregarded as surplusage in testing the Georgia conviction as a basis for multiple offender punishment. (People v. Olah, 300 N. Y. 96.)
Defendant contends that the second portion of the Georgia robbery statute and, consequently, the second count of the indictment, do not set forth a crime which, if committed in New York, would be a felony. Defendant does njot, and cannot, question the fact that the first portion of the statute and the first count of the indictment both set forth a crime which, if committed in New York, would be a felony (Penal Law, §§ 2126, 2128).
A comparison of the Georgia robbery statute, as interpreted by the Supreme Court of that State, with section 1296 of our Penal Law indicates that the crime set forth in the second portion of the Georgia statute and in the second count of the indictment would, if committed in New York, be equivalent to New York’s felony crime of grand larceny. In Pride v. State (125 Ga. 748, 749-750), the court said as follows with respect to the Georgia robbery statute: ‘ ‘ The offense of robbery, as defined in section 151 as amended,* consists in the wrongful, fraudulent, and violent taking of money, etc., from the person of another, whether such a taking be accomplished by force, intimidation, or the sudden snatching without the consent of the owner or person in possession. * * * The sudden snatching from the victim with his knowledge is violence in the sense of this word as used in the amending act. In other words, the General Assembly has enlarged the meaning of the words 1 open force and violence,’ as used in the section of the Penal Code, so that the crime of robbery may now be committed by force exerted directly upon the person robbed, or by suddenly snatching the property from the person, where no other force is used than is necessary for the thief to obtain possession of the property.” (Emphasis supplied.) *116 Section 1296 of the Penal Law provides in part as follows: “A person is guilty of grand larceny in the second degree who * * * in any manner specified in this article, steals or unlawfully obtains or appropriates: * * * 2. Property of any value, by taking the same from the person of another”. Thus, the crime of robbery as set forth in the second portion of the Georgia statute and in the second count of the indictment, although it may not be equivalent to New York’s crime of robbery, involves, as does section 1296 of the Penal Law, a wrongful taking of property from the person of another and, consequently forms a proper basis for multiple offender punishment in New York. It is not necessary, as defendant contends, that the foreign crime be the same as the New York felony.
The District Attorney contends that the counts of the Georgia indictment are consistent, having no irreconcilable elements, in that a robbery by force and intimidation may at the same time be committed by a “ sudden snatching.” From this he urges the conclusion, principally on the basis of People v. Caracelli (309 N. Y. 853) that the Georgia jury by its general verdict found the petitioner guilty of both counts of the indictment and that therefore the second count can be disregarded in determining the applicability of the Georgia conviction for multiple offender punishment. However, since the court finds that both portions of the Georgia robbery statute and, consequently, both counts of the indictment set forth crimes equivalent to New York felonies, and that the jury’s verdict was a finding of guilt on at least one of the two counts of the indictment, it is therefore unnecessary to deal with the District Attorney’s contention.
The District Attorney is directed to enter an order in accordance with the decision herein rendered and to forward a copy thereof, together with the decision, to the defendant.

 Section 151 of the Penal .Code was a predecessor statute of the present' section 26-2501 of the Georgia Code Annotated, set forth above.