Martin M. Kolbrener, J.
Defendant moves pro se for resentence of a 1964 conviction in this court. The sentence in question was 10 to 15 years in Sing Sing Prison for grand larceny, first degree, as a third felony offender. He contends that his two prior convictions (both in Washington, D. C.) do not constitute felonies under section 1941 et seq. of the Penal Law, which in effect provide that a court may sentence a defendant as a multiple offender if the previous crimes committed by the defendant in a foreign jurisdiction would constitute felonies if committed in New York. His moving papers and memorandum of law show extensive research and his contentions are fortified with numerous citations of authority.
*1067 It appears that in April, 1946, defendant was convicted of robbery in the second degree, after trial in the District Court of the United States for the District of Columbia, and sentenced to a term of from 2 to 6 years in prison. Again, in 1956, in the same court, upon his plea of guilty to attempted robbery, he was sentenced to prison for a term of from 1 to 3 years. Defendant contends, however, that the statutes under which he was convicted in the District of Columbia (D. C. Code Ann., §§ 22-2901, 22-2902) are not proper multiple offender predicates since the said sections define, as robbery, acts which if committed in New York would not be considered felonies.
The statutes in the District of Columbia read as follows:
“ § 22-2901. Robbery. Whoever by force or violence, whether against resistance or by sudden or stealthy seizure or snatchmg or by putting in fear, shall take from the person or immediate actual possession of another anything of value, is guilty of robbery, and any person convicted thereof shall suffer imprisonment for not less than six months nor more than fifteen years.” (Emphasis supplied.)
“ § 22-2902. Attempt to commit robbery. Whoever attempts to commit robbery, as defined in section 22-2901, by an overt act, shall be imprisoned for not more than three years or be fined not more than five hundred dollars, or both.”
Defendant argues that since section 22-2901 provides that a robbery may be committed in the District of Columbia by 11 stealth ” but without force (Hunt v. United States, 316 F. 2d 652 [1963]; Spencer v. United States, 116 F. 2d 801 [1941]; Jackson v. United States, 348 F. 2d 772 [1965]) that they are not crimes “ which, if committed within this state, Would be a felony” (Penal Law, § 1941) and therefore are not a proper basis for sentencing as a third felony offender. Defendant cites People v. Olah (300 N. Y. 96) as authority.
While it is true that the “ stealth” type “ robbery ” in the District of Columbia statute was intended to cover pickpockets (Turner v. United States, 16 F. 2d 535; Spencer v. United States, supra) the operative part of the indictment and gravamen of the crime is the taking by force or by stealth ‘ ‘ from the person ” (§ 22-2901). It is true that People v. Olah (supra) holds that if the crime as defined in the foreign State is less than a felony if committed in New York, it may not be considered a sufficient basis for a multiple felony sentence. But the taking by stealth from the person of the victim is a crime which if committed in New York is a felony, (see subdivision 2 of section 1296 of the Penal Law, which provides:
*1068 “ § 1296. Grand larceny in the second degree. A person is guilty of grand larceny in the second degree who, under circumstances not amounting to grand larceny in the first degree, in any manner specified in this article, steals or unlawfully obtains or appropriates: * * *
“2. Property of any value, by taking the same from the person of another”.
In People v. Oliver (19 Misc 2d 113, 116) the court said: ‘ ‘ Thus, the crime of robbery as set forth in the second portion of the Georgia statute and in the second count of the indictment, although it may not be equivalent to New York’s crime of robbery, involves, as does section 1296 of the Penal Law, a wrongful taking of property from the person of another and, consequently forms a proper basis for multiple offender punishment in New York. It is not necessary * * * that the foreign crime be the same as the New York felony.” (Emphasis supplied.)
An examination of the record indicates that defendant was convicted in 1946 and that the District of Columbia jury found the defendant guilty of the “ offense charged in the indictment ”. The offense charged in the indictment was that ‘ ‘ the defendant by force and violence and against resistance and by putting in fear and by sudden and stealthy seizure and snatching, feloniously did steal, take and carry away, from and off the person * * * of one ”, etc. (emphasis supplied). Thus there is a conviction of the defendant for a crime which in New York may be considered a felony.
Similarly, in 1956 the defendant, upon his plea of guilty to the crime of attempted robbery, as previously defined, was sentenced to jail. I have already indicated in this opinion that robbery as defined in the District of Columbia statutes would be a felony if committed in this jurisdiction. Under the circumstances it would seem that this case comes squarely within the holding of the Court of Appeals in People v. Love (305 N. Y. 722, 723-724) where the court Per Curiam said: “ he admitted and acknowledged that he ‘ feloniously took ’ certain property ‘ from [the] person ’ of its owner — an act which, if committed within this state, would have been felonious (Penal Law, §§ 1941, 1942), namely, grand larceny in the second degree (Penal Law, §§ 1290, 1296, subd. 2). Consequently, the trial court had no alternative but to adjudge and sentence defendant as a fourth felony offender. ’ ’ (Emphasis supplied.)
For the foregoing reasons, it is hereby ordered, that the motion by defendant for resentence is denied.