## 27720. WILCHER v. THE STATE.

UNDERCOFLER, Justice. Rhound Wilcher was convicted of the offense of armed robbery and sentenced to serve ten years in the penitentiary. He appeals to this court. *Held:*

1. The trial court in this case instructed the jury that the defendant was charged with the offense of robbery. Later in his charge he corrected this error by telling the jury that "the offense of robbery is not the offense

charged in the indictment. It is a lesser included offense to the offense charged in the indictment which is armed robbery." The trial court then charged the law on armed robbery and several times thereafter repeated that the defendant was charged in the indictment with armed robbery.

The appellant contends that his motion for new trial should be granted because the instructions of the court confused the jury. There is no merit to this contention. The trial court corrected the mistake in the charge to the jury and the jury was repeatedly instructed thereafter that the defendant was charged with armed robbery.

2. The trial court in his charge to the jury stated that if the jury found the appellant not guilty "this finding would be an acquittal as to both of the offenses, both the armed robbery charge in the indictment and the lesser offense of robbery without the necessity of your referring to either one. In other words, in the event you find the defendant not guilty the effect of that finding would be to discharge the defendant from liability as to both of the offenses . . . Manifestly, if he is guilty of one, you need to make no determination as to the other. You would begin with armed robbery, go down to robbery, and then go to the issue of guilt or innocence as to *one or both counts* of the indictment." (Emphasis supplied).

The appellant contends that the emphasized portion of the charge confused the jury and tended to indicate that the appellant was being tried for two separate offenses rather than the one for which he was in fact indicted.

There is no merit in this contention. The jury had the indictment with them and it showed that only one business establishment was robbed. The charge of the court taken as a whole was not confusing to the jury.

3. The appellant contends that the court should have charged without request the law of robbery by "sudden

snatching" since there was evidence that "the cash drawer was being jerked out of the register." There is no merit in this contention. Robbery by sudden snatching is not involved in this case. *Pride v. State,* 124 Ga. 791 (53 SE 192); *Pride v. State,* 125 Ga. 748 (54 SE 686); *Nelson v. State,* 203 Ga. 330 (4) (46 SE2d 488).

4. The appellant contends that the circumstances surrounding the presentation of a group of photographs to a witness for identification purposes was hearsay and was not admissible as evidence over his objection. There is no merit in this contention. Code § 38-302.

5. The appellant contends that the trial court erred by failing to state in its charge hypothetically any facts which the jury must find as a matter of law in order to convict or acquit him. The court charged the jury: "A person commits armed robbery when with the intent to commit a theft he takes the property of another from the person or from the immediate presence of another by use of an offensive weapon . . . In the event you should find the defendant not guilty of the offense of armed robbery, or in the event you should have a reasonable doubt as to his guilt of that offense then you would go further and determine whether or not he is guilty of the lesser included offense of robbery, that is, the taking without the use of an offensive weapon."

There is no merit in the contention of the appellant. The trial court sufficiently stated to the jury the facts which were necessary to be proved in order to convict the appellant of armed robbery. *Keener v. State,* 18 Ga. 194, 230 (63 AD 269).

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 12, 1973 — DECIDED MARCH 15, 1973.

*Thomas M. Strickland,* for appellant.

*Harry N. Gordon, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Frank M. Palmour, Assistant Attorneys General,* for appellee.