63001. BURKE v. THE STATE.

SOGNIER, Judge.

Burke was convicted of armed robbery. His sole enumeration of error is that the trial court erred by refusing to give his requested charge on identification of appellant.

During the trial of this case, the victim identified appellant in court, and testified that the day following the incident he selected appellant from a group of photographs as one of the perpetrators of the robbery. No objection was made to the in-court identification and no motion was made to suppress such identification on the basis that it was tainted by an impermissibly suggestive pretrial identification procedure. Although cross-examined thoroughly as to lighting conditions and the victim's ability to see appellant, the victim testified that he could not be mistaken about the identity of appellant, who was definitely one of the men that robbed him.

Appellant submitted a request to charge on identification consisting of two typewritten pages, including certain factors to be considered in considering identification testimony. The trial court stated it would not give the requested instruction in the language requested, "but it will be covered in the general Charge." Thereafter, the court charged as follows on identification: "I Charge you further the defendant interposes as a defense in this case that he is the victim of a mistaken identity. The mere fact that a crime is committed is not sufficient to convict this defendant of that crime unless you also identify him as the person committing the crime, or aiding or abetting therein. It is for you to say whether under the evidence in this case the testimony of the witnesses and the facts and circumstances sufficiently identify this defendant as the perpetrator of the crime beyond a reasonable doubt. It is not necessary that this defendant prove that another person committed the offense, it is sufficient if there are facts and circumstances in this case which would raise a reasonable doubt as to whether the defendant is in fact the person who committed the crime. In passing on this issue you have the right to take into consideration all of the factors previously charged you and the credibility of witnesses."

In *Young v. State,* 226 Ga. 553, 557 (7) (176 SE2d 52) (1970), the Supreme Court stated: "This court has previously held that there is no requirement of our law that a trial judge warn the jury against the possible dangers of mistaken identification of an accused as the person committing a crime. [Cit.] The trial judge stressed the necessity for the offense charged to be proved beyond a reasonable doubt, and it was not error to refuse to give the requested instructions." See also *Booker v. State,* 242 Ga. 773, 777 (5) (251 SE2d 518) (1979), and *Allanson v. State,* 235 Ga. 584, 588 (6) (221 SE2d 3) (1975), both deciding the same issue adversely to appellant. As the trial court met the requirements of the cases cited, the enumeration of error is without merit.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 8, 1982 —
REHEARING DENIED FEBRUARY 25, 1982.

*Glyndon C. Pruitt, Walt M. Britt,* for appellant.
*Bryant Huff, District Attorney, Stephen E. Franzen, Assistant District Attorney,* for appellee.