## 66781. SEARCY v. THE STATE.

QUILLIAN, Presiding Judge.

Convicted of robbery, the defendant appeals to this court. The indictment charged the defendant with the offense of robbery in that he "with intent to commit theft, did take from the person and immediate presence of Jennifer Davis, by the use of force, the following property, to wit: jewelry and money, the property of Jennifer Davis and of the value of six hundred dollars."

The evidence showed that the victim was sitting on the driver's side of her automobile while engaged in an effort to sell jewelry. The defendant, under the pretext of purchasing a ring, reached inside the vehicle and seized the jewelry box which also contained money. The victim resisted, attempting to hold on to the box. During the struggle the box struck and cracked the windshield of the automobile. The defendant prevailed and fled with the box. Shortly thereafter, a passerby volunteered to the victim that he knew the person who had stolen the jewelry box, gave the defendant's name and pointed out where he lived. The police were notified and based on this information plus the positive identification of the defendant by the victim who viewed a photographic "lineup," the defendant was arrested and charged with the crime. *Held:*

1. During the course of his instructions to the jury, the trial judge charged: "[T]he Statute of the state of Georgia, as passed by the Legislature, provides that a person commits robbery when with intent to commit theft he takes the property of another from the person or immediate presence of another by the use of force or by sudden snatching."

The defendant urges that since he was indicted solely for robbery by force it was error to charge regarding robbery by sudden snatching, citing as authority for this proposition *Walker v. State,* 146 Ga. App. 237 (246 SE2d 206) and *Robinson v. State,* 152 Ga. App. 296 (262 SE2d 577).

The well established rule is that a charge on a code section in its entirety is not error where a part thereof is applicable and it does not appear that the inapplicable part misled the jury or erroneously affected the verdict. See *Highland v. State,* 127 Ga. App. 518, 519 (194 SE2d 332); *Central of Ga. R. Co. v. Sellers,* 129 Ga. App. 811, 816 (5) (201 SE2d 485); *Ford v. State,* 232 Ga. 511 (12) (207 SE2d 494). Nevertheless, in *Walker v. State,* 146 Ga. App. 237, supra, we found that charging a criminal offense, which could be committed in more than one way, in its entirety was error where the indictment limited the offense to a particular mode. There the indictment charged the defendant committed theft by "wrongfully taking" the property. The

charge included not only the wrongful taking provision under 1933 Code Ann. § 26-1802 (now OCGA § 16-8-2) but also the provision regarding an unlawful appropriation. We found error since the instructions permitted the jury to convict if they found the evidence supported a form of theft (i.e. — unlawful appropriation) not found in the indictment. Nevertheless, we were careful to point out: "In the instant case, no later instruction limiting the findings to that alleged in the indictment was given." *Walker v. State,* 146 Ga. App. 237, 245, supra.

In an early case, this court held: "While, on the trial of one indicted under section 148 of the Penal Code, for robbery by force and intimidation, it was error to give in charge to the jury the part of that section which relates to robbery by sudden snatching *(Pride v. State,* 124 Ga. 791, 53 SE 192), yet where the judge specifically confined the investigation of the jury to the determination of the guilt of the accused of robbery by force or intimidation, there was no reversible error in so charging, for the jury could not have been misled thereby." *Blackshear v. State,* 20 Ga. App. 87 (1) (92 SE 547). Accord, *Coleman v. State,* 211 Ga. 704 (6) (88 SE2d 381).

Here immediately after giving the instructions in question the trial judge charged: "[I]f you find and believe beyond a reasonable doubt from the evidence presented . . . that this defendant did in this county commit the crime of robbery, as charged in the bill of indictment, then you would be authorized to find the defendant guilty of that crime." Thereafter he added: "[T]he State must prove every element of the offense contained in the indictment . . ."

In *Slack v. State,* 159 Ga. App. 185, 188 (283 SE2d 64) the trial judge preceded the giving of a code section in its entirety with the language: " '[T]he indictment will be out with you during the course of your deliberation so that you may better inform yourselves of the *specific charges* against the defendant.' " We found no reversible error since it was not likely the jury was misled into believing it could convict the accused "should they find the evidence supported a form of credit card theft not specified in the indictment."

In *Dotson v. State,* 160 Ga. App. 898, 899 (288 SE2d 608) where the defendant was indicted for robbery by force and it was contended the evidence was insufficient since it merely showed a sudden snatching, this court observed: "Force is implicit in sudden snatching, both as a fact and as a legal proposition, the force being that effort necessary for 'the robber to transfer the property taken from the owner to his possession.' *Hickey v. State,* 125 Ga. 145, 147 (53 SE 1026) (1906). See also *Pride v. State,* 125 Ga. 748 (54 SE 686) (1906)."

In view of the uncontradicted evidence adduced in this case, the

inclusion of the words "or by sudden snatching" was not harmful error especially considering the fact that the trial judge confined the elements of the crime to those charged in the indictment. *Slack v. State,* 159 Ga. App. 185, 188, supra.

2. Where the trial judge did instruct the jury as to identification testimony, it was not error to refuse to give a detailed request to charge on that same subject matter. *Colbert v. State,* 149 Ga. App. 266, 268 (5) (253 SE2d 882); *Burke v. State,* 161 Ga. App. 407, 408 (288 SE2d 276); *Young v. State,* 226 Ga. 553, 557 (7) (176 SE2d 52); *Allanson v. State,* 235 Ga. 584, 588 (6) (221 SE2d 3).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 29, 1983.

William C. Puckett, Jr., for appellant.

*Robert E. Wilson, District Attorney, James M. McDaniel, Assistant District Attorney,* for appellee.