69096, 69097. BRADFORD v. THE STATE (one case).
(328 SE2d 409)

McMURRAY, Presiding Judge.

Defendant was convicted of robbery upon being tried by a jury on an indictment charging him with the offense of armed robbery committed on April 19, 1982. Following the denial of his motion for new trial he appeals *pro se* in Case No. 69097, while his appointed counsel appeals in Case No. 69096. Pretermitting any question which may arise because of the multiplicity of briefs and enumerations of error filed by or for the defendant, we consider all of the issues raised. *Held*:

1. In his only enumeration of error, *pro se*, the defendant objects to being convicted for the lesser-included offense of robbery when he was indicted for armed robbery. At trial, the State determined that the evidence was not sufficient to prove the defendant guilty of armed robbery and requested the court to go forward on the charge of robbery by intimidation. The court then charged the jury on the lesser-included offense of robbery by intimidation and later charged the jury on the lesser-included offense of robbery. Under these circumstances, the jury was authorized to find the defendant guilty of robbery on an indictment charging armed robbery without finding him guilty of armed robbery. See *Jordan v. State*, 239 Ga. 526, 527 (2) (238 SE2d 69); *Wilcher v. State*, 230 Ga. 294 (196 SE2d 864); *Martin v. State*, 170 Ga. App. 854 (318 SE2d 724).

2. The sole enumeration of error submitted by defendant's counsel raised the issue of the sufficiency of the evidence. The State's evidence shows that Velma Pillivant, the owner and operator of Twelve Seasons Flower Shop, opened her store for business about 9:00 a.m. on April 19, 1982. Mrs. Pillivant's teenage daughter, Kathy, and her employee, Marie Danford, were also working in the shop that day. A few minutes before 11:00 a.m., Kathy Pillivant noticed a black man wearing a green cap and blue jacket come into the store. No other

customers were in the shop. The man handed her a note, which said, "You are being robbed. Don't be a hero, I have a gun and I want the money." She told the robber that she could not open the register and he then pointed toward her mother who was talking on the telephone. Mrs. Pillivant hung up the telephone and handed $169 in cash to the robber. He grabbed the money and ran out of the store. Mrs. Pillivant kept a gun beneath her cash register, which she grabbed, giving chase to the robber. She could not see him when she got outside, but fired two shots to try and scare him out.

In the meantime, David McDaniel, who managed a convenience store next door to the flower shop, noticed a car which had been parked in his parking lot for about ten or fifteen minutes. As he started out the door to find out why the car had been left in his parking lot, he heard two gun shots. About five seconds after the second shot, Mr. McDaniel saw a black person running through some shrubs toward the car he had previously noticed in the parking lot. The person jumped into the car and drove off.

A few minutes later, Investigator Gainey of the DeKalb Police Department arrived at the scene and received a description of the robber from Velma Pillivant, Kathy Pillivant and Marie Danford. David McDaniel gave him a description of the car and a partial license tag number. The investigator communicated the description to other law enforcement officers and at about 11:30 a.m. Deputy Eric Williams of the DeKalb County Sheriff's office saw a car that fit the description given by McDaniel. The car was in an apartment complex about one quarter of a mile from the scene of the robbery. Shortly thereafter, Investigator Gainey met Deputy Williams at the apartment complex. A few minutes later, Frank Jackson came out of one of the apartments and Gainey asked him who owned the suspect automobile. Jackson stated that his roommate, the defendant, owned the car and had just returned home a short time ago. At that point the defendant came down the apartment steps dressed in his bathrobe. He acknowledged that the automobile was his but denied having been out that morning. The defendant later changed his story, saying he had been out in his automobile the morning of the robbery. Later, David McDaniel positively identified the defendant's automobile as the one he saw at the scene of the robbery. Based on the witnesses' physical description of the robber and McDaniels' identification of the defendant's automobile, Gainey arrested the defendant and caused a search warrant to issue authorizing the search of the defendant's apartment. Upon searching the apartment, the police found clothing which matched the clothing worn by the robber. The police also found $164 in cash between the pages of a magazine beneath the defendant's mattress. At trial, Kathy Pillivant positively identified the defendant as the robber.

We find a rational trier of fact reasonably could have found that the defendant was guilty beyond a reasonable doubt of the offense of robbery. *Adkins v. State*, 172 Ga. App. 724 (324 SE2d 573); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 12, 1985.

*William T. Hankins III*, for appellant.

Robert Joseph Bradford, *pro se.*

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.