71651. STEWART v. THE STATE.
(340 SE2d 283)

McMURRAY, Presiding Judge.

Defendant and three co-defendants were charged with two counts of kidnapping and two counts of aggravated assault. Following a jury trial, defendant was acquitted of the aggravated assault counts. However, she was convicted of the two counts of kidnapping. After sentencing, defendant moved for a new trial. The motion was denied and defendant appealed. *Held*:

1. In her first enumeration of error, defendant contends the State failed to disprove defendant's coercion defense beyond a reasonable doubt. We disagree.

"Coercion involves the involuntary performance of a criminal act under fear of threats or menaces involving a direct danger to life or great bodily injury where the danger is abated only by the performance of the criminal act." *Chambers v. State*, 154 Ga. App. 620, 624 (269 SE2d 42). See OCGA § 16-3-26.

Viewed in a light favorable to the verdict, the evidence simply demonstrated that defendant did not participate in the criminal venture out of fear of threats or menaces involving a direct danger to her life or bodily injury. Accordingly, we find the evidence was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that defendant was a willing participant in and guilty of the two offenses of kidnapping. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Bradford v. State*, 173 Ga. App. 792 (2) (328 SE2d 409).

2. In view of the evidence of concert of action of defendant and

her co-defendants, the trial court did not err in charging the jury upon the law of conspiracy. *Simpkins v. State*, 149 Ga. App. 763, 768 (3) (256 SE2d 63).

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED FEBRUARY 5, 1986.

*Philip C. Smith*, for appellant.

*Rafe Banks III, District Attorney, Wallace W. Rogers, Jr., Assistant District Attorney*, for appellee.