A89A0042. ROGERS v. THE STATE.
(381 SE2d 545)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of violating former OCGA § 40-6-391 (a) (4), which prohibited driving with a blood alcohol level of .12 percent or more. He appeals the judgment of conviction and sentence entered on the jury verdict.

Appellant's sole enumeration is that the trial judge erred in refusing to give a requested instruction on the defense of coercion. OCGA § 16-3-26 provides that "[a] person is not guilty of a crime, except murder, if the act upon which the supposed criminal liability is based is performed under such coercion that the person reasonably believes that performing the act is the only way to prevent his imminent death or great bodily injury." Appellant testified that, while sleeping in his car, he was awakened by headlights and drove away out of concern for his safety without realizing that he had been startled by a police vehicle. This is not evidence that he was forced to drive involuntarily " 'under fear of threats or menaces involving a di-

rect danger to life or great bodily injury where the danger is abated only by the performance of the criminal act.' [Cit.]" *Stewart v. State,* 177 Ga. App. 681 (340 SE2d 283) (1986). The trial court did not err in refusing to give the requested charge on coercion, there being no evidence to support it. See generally *Young v. State,* 163 Ga. App. 507, 508 (3) (295 SE2d 175) (1982).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED APRIL 3, 1989 —
REHEARING DENIED APRIL 19, 1989 — 

*Gregory Z. Schroeder,* for appellant.

*Ralph T. Bowden, Jr., Solicitor, Gary D. Bergman, Assistant Solicitor,* for appellee.