## HICKEY *et al. v.* THE STATE.

The defendants were convicted of robbery, under an indictment framed under the act of August 6, 1903 (Acts 1903, p. 43). The evidence was sufficient to establish their guilt, and there was no error in overruling their motion for new trial.

Argued February 20,—Decided March 28, 1906.

Indictment for robbery. Before Judge Mitchell. Lowndes superior court. January 5, 1906.

James Hickey and Frank Moran were indicted for robbery. The indictment charged that the defendant "did suddenly snatch and suddenly take and suddenly carry away from the person of J. T. Roberts, and with intent to steal the same, and without the consent of the said J. T. Roberts, a leather pocket-book of the value of one dollar and of the personal goods of John Young Roberts and in the possession and control of the said J. T. Roberts, and one hundred and eleven dollars in money contained in said pocket-book, there being one 25-[20?]dollar bill, one one-dollar bill, and some other bills, some 'fives' and some 'tens,' but the further description of said money being to the prosecutor and grand jurors unknown, but being commonly known as paper money; said money being of the par value thereof, to wit $110.00, and being the property of said

J. T. Roberts; contrary to the laws of said State, the good order, peace, and dignity thereof." The evidence submitted by the State showed that the defendants waited and watched about the ticket-office at Valdosta, where they saw J. T. Roberts in possession of a purse with considerable money in it. They followed him to the train, and Hickey mounted the train and came to the platform as Roberts was about to enter, and pressed Roberts against Moran. Roberts felt the hand of one of them go into his pocket, and exclaimed "I am being robbed." The defendants quickly disappeared, and the prosecutor felt for his pocket-book, and it was gone. The jury returned a verdict of guilty. The defendants moved for a new trial on the usual grounds that the verdict was contrary to law and evidence. The motion was overruled, and the defendants excepted.

*G. A. Whitaker,* for plaintiffs in error.

*W. E. Thomas, solicitor-general,* contra.

ATKINSON, J. It was pointed out in *Burke's* case, 74 *Ga.* 372, and in *Spencer's* case, 106 *Ga.* 692, that "suddenly snatching a purse, with intent to steal the same, from the hand of another, without using intimidation, and where there is no resistance by the owner or injury to his person, does not constitute robbery." A theft under these circumstances amounted only to larceny from the person. It was suggested to the General Assembly in *Doyle's* case, 77 *Ga.* 513, that a theft of money or other thing of value from the person, accomplished by a sudden snatching, be made robbery and punished as such. This suggestion was carried out by the act approved August 6, 1903 (Acts of 1903, p. 43), amending the Penal Code, § 151, which now reads as follows: "Robbery is the wrongful, fraudulent, and violent taking of money, goods, or chattels from the person of another by force or intimidation, without the consent of the owner, or the sudden snatching, taking, or carrying away any money, goods, chattels, or anything of value from the owner or person in possession or control thereof, without the consent of the owner or person in possession or control thereof." The effect of this amendment was to declare that the offense which was previously known as larceny from the person and which was committed by the sudden snatching, taking, or carrying away of money or valuables from the owner without his consent, is robbery. It is not necessary that the taking be accomplished by force or intimidation, so as to

involve some show of resistance. [The snatch thief, by this amendment, is no longer a petty offender; his crime is a felony, and he is classed as a robber. The distinguishing characteristic between larceny from the person and robbery, as defined in the act of 1903, is in the stealthiness of the act. If the taking be secret, stealthy, and without the knowledge of the owner, it is larceny from the person; but if the taking is done with the knowledge of the victim but without his consent, and by a sudden snatching, the act is robbery. The differentiation between the sneak thief, who secretly purloins, and the bold snatch thief, who takes his victim on surprise and possesses himself of his booty by suddenly snatching his money or other valuables, is perfectly clear from the act of 1903. No force is necessary to be exerted beyond the effort of the robber to transfer the property taken from the owner to his own possession. But if, in the effort to take the money or valuables by a sudden snatching, some degree of resistance is made by the owner, while the act may be robbery by force, as defined in section 151, it is also robbery by a sudden snatching, as defined by the act of 1903. [If, in the violation of a criminal statute which provides that a certain crime may be committed in one of two ways, the offender commits the crime by doing acts which would bring him under the purview of both provisions of the law, he may be charged in the indictment with the commission of the offense in one of the prescribed ways. And if he is so indicted, and on the trial proof is submitted that he committed the crime in both the prescribed ways, can it be said that there would be a variance between the allegata and probata, because he might have been indicted under a count charging the offense as having been committed in the other way prescribed by the statute? We apprehend not.] The case at bar affords a practical illustration of the principle. Here two men select their victim, who is about to enter a train. Just as he reaches the steps, one of the defendants coming from the car presses the victim against his accomplice, apparently because of the crowd and the haste in getting off and on the train while at the station. While thus pinioned, the victim feels the hand of one of them enter his pocket, where he had his purse. The hand is quickly withdrawn, and with it the purse. The victim cries out he is robbed, and his robbers disappear. The purse is suddenly snatched from his person, without the consent but with the knowledge of the victim. The robbers possessed them-

selves of the purse in a manner which is declared to be robbery, by the act of 1903. Is it any the less so because, in the perpetration of the offense, the robbers exerted some degree of force, either as a ruse to disconcert the attention or to prevent possible resistance of their victim? Where all the elements of robbery are proved, as defined by the act of 1903, it is no variance from an indictment under that act that the proof should disclose the superadded element of force, which would have authorized an indictment and conviction under the Penal Code, §151. The evidence supported the indictment, and was sufficient to demonstrate the guilt of the defendants. beyond a reasonable doubt.

*Judgment affirmed. All the Justices concur.*