### 73844. NESMITH v. THE STATE.
(359 SE2d 421)

POPE, Judge.

Appellant was convicted after a jury trial of misdemeanor theft by shoplifting, and was sentenced to one year on probation and fined $252. At trial, the State adduced evidence that appellant was observed by a security guard at Wal-Mart interchanging price tags from lower-priced items to higher-priced items. On appeal two errors are enumerated. *Held*:

1. Appellant alleges that the trial court erred in failing to grant a motion for directed verdict on the ground that the evidence was insufficient to prove the offense described in the accusation. The accusation by the State charged, in pertinent part, that appellant committed the act of shoplifting by "alter[ing] the price marking on goods, to wit: Changing the price from $2.45 to $1.08 (Pentel Pencil), also changing the price from $34.96 to $16.00 (Westbend Iron). . . ." OCGA § 16-8-14 (a) provides that "[a] person commits the offense of theft by shoplifting when he alone or in concert with another person, with the intent of appropriating merchandise to his own use without paying for the same or to deprive the owner of possession thereof or of the value thereof, in whole or in part, does any of the following: (a) Conceals or takes possession of the goods or merchandise of any store or retail establishment; (2) Alters the price tag or other price marking on goods or merchandise of any store or retail establishment; (3)

Transfers the goods or merchandise of any store or retail establishment from one container to another; (4) Interchanges the label or price tag from one item of merchandise with a label or price tag for another item of merchandise; or (5) Wrongfully causes the amount paid to be less than the merchant's stated price for the merchandise."

Appellant argues that because the State charged that appellant altered the price, pursuant to OCGA § 16-8-14 (a) (2), but that the evidence showed instead that appellant interchanged prices pursuant to OCGA § 16-8-14 (a) (4), the conviction must be set aside for fatal variance between the allegation and the proof. The State argues that the code section sets out a number of ways shoplifting may be committed and that those ways overlap. Essentially, the State contends that interchanging prices is included within the meaning of altering prices. We cannot agree. Webster's Third New Intl. Dictionary (Unabridged 1981) defines "alter" as follows: "to cause to become different in some particular characteristic . . . without changing into something else." Webster's at 63. "Interchange" is defined by the same dictionary as "[putting] each of (two things) in the place of the other." Webster's at 1177. Therefore, "interchange" by definition cannot be subsumed into "alter," as can be done with "force" and "sudden snatching" in the context of armed robbery. Thus, the State's reliance on *Dotson v. State*, 160 Ga. App. 898 (1) (288 SE2d 608) (1982), is misplaced.

We find that the present case is controlled by *Walker v. State*, 146 Ga. App. 237 (1) (246 SE2d 206) (1978). Walker was charged with theft by taking for "unlawfully tak[ing]" tools left in a car he was repossessing for a bank. The indictment charged him with motor vehicle theft as well as theft by taking. The court in *Walker* found that theft by taking could occur in one of two ways: (1) by unlawfully taking, or (2) by being in lawful possession, and then unlawfully appropriating the property of another. The court further found that the State had laid its charge in terms of unlawful taking. When the trial court directed a verdict on the charge of motor vehicle theft because Walker was in lawful possession of the car as the repossessing agent of the bank, the manner of the theft of the tools was shifted from unlawful taking to lawful possession with unlawful appropriation. The court in *Walker* reversed the conviction of theft by taking. It rejected the argument by the State, also made in the present case, that no fatal variance occurred because there was no surprise to the defendant, following the criteria set out in *DePalma v. State*, 225 Ga. 465 (3) (169 SE2d 801) (1969). In discussing the requirements set out in *DePalma*, the court in *Walker* noted that an "old but sound rule" of Georgia law was unchanged by the decision in *DePalma*. "The Supreme Court in *Fulford v. State*, 50 Ga. 591, 593 (1874), held: 'We recognize the rule that it is not necessary to prove allegations in an

indictment which are immaterial or purely surplusage. But the question is, what are immaterial averments? . . . Bishop says: "If the indictment sets out the offense as done in a particular way, the proof must show it so, or there will be a variance." ' " *Walker* at 241-42. The accusation and the proof are at fatal variance in the present case. We acknowledge the State's argument here, as did the court in *Walker*, that the crime charged may be committed in more than one manner. However, "whenever exigencies of proof exist as to whether an offense was committed in one of two methods proscribed by a statute, the prosecution may charge the accused in separate counts of a single indictment and let the jury select which method the evidence supports. [Cits.]" *Walker* at 243. The conviction must be reversed.

2. In her second enumeration, appellant argues that the trial court erred in charging the jury that one means of altering a price was to interchange the price tags. For the reason set out in Division 1, we agree that it was error to so charge.

*Judgment reversed. Birdsong, C. J., Sognier, Benham, and Beasley, JJ., concur. Beasley, J., also concurs specially. Deen, P. J., McMurray, P. J., Banke, P. J., and Carley, J., dissent.*

BEASLEY, Judge, concurring specially.

I concur.

What we have here is basically a question of statutory use of words describing conduct. It is a matter of communication, not only the legislature communicating to the court which must construe the statute but more importantly to the members of the public who must govern themselves within its confines and to criminal defendants who must prepare defenses to charges that they engaged in prohibited conduct, and to public prosecutors who must fashion the particular charge which the defendant must answer. See *DePalma v. State*, 225 Ga. 465, 469 (3) (169 SE2d 801) (1969); *Walker v. State*, 146 Ga. App. 237 (246 SE2d 206) (1978).

In this case we have a problem of focus. The state chose to focus on the verb "to alter" and not the verb "to interchange." The legislature made both activities criminal and made them both categories of theft by shoplifting, which itself is a type of theft. Each describes a *method*, or manner, or way, of behaving so as to constitute shoplifting. The focus is different in the use of each verb. It is a matter of emphasis; which part of the person's behavior is complained of as being criminal by this indictment? This selected emphasis can materially affect the defense, its theory, its preparation, its rationale.

By creating this list of expressly defined methods, the legislature has made each mutually exclusive of the others, insofar as the legal description of the behavior is concerned. That is not to say that the total behavior of a person does not overlap from one description into

another. He might in fact use both prohibited methods. But that is overlap of fact and not overlap of legal description. The components of the person's total activity may be comprised of one or more of the statutory focuses. If that occurs, the prosecutor can charge all of them, leaving to the jury which one to convict of. While the legal descriptions are mutually exclusive, the total act may not with mutual exclusivity be forced into only one of the legal descriptions.

As shown in *Hickey v. State*, 125 Ga. 145, 147 (53 SE 1026) (1906), if the act in fact constitutes both descriptions or definitions of a multi-method crime, the state need charge only one. The presence of the other as well does not require a charge of both. The implication is that the statutory descriptions themselves are mutually exclusive.

The question in this case is whether the components of defendant's total act in fact constituted "alter" as well as the statutorily mutually exclusive "interchange." They did not, because there was not a factual basis fitting the statutorily-described act of "altering" in addition to a factual basis fitting the statutorily-described act of "interchanging," a different method.

DEEN, Presiding Judge, dissenting.

Under *DePalma v. State*, 225 Ga. 465 (169 SE2d 801) (1969), an accusation must definitely inform the accused of the charges against him so that he may prepare a defense and not be surprised at trial, and protect an accused against another prosecution for the same offense. That criteria was met in the instant case, and the majority opinion reaches the opposite conclusion only by observing strict, highly technical dictionary definitions of two words, at the expense of seeking substance and the justice of a common sense approach.

In this case, the appellant was accused of shoplifting by altering the price tags on some merchandise, specifically by changing the prices on those items. The proof adduced at trial showed that the appellant actually substituted the price tags with those of less expensive goods. The majority is unable to present a convincing explanation of how the accusation in this case failed to inform the appellant of the charges against her so that she could prepare a defense, avoid surprise at trial, and be protected against another prosecution for the same offense.

The appellant's conduct fell within the prohibitions of two subsections of OCGA § 16-8-14 (a). Perhaps it would have been preferable to accuse the appellant under OCGA § 16-8-14 (a) (4), which specifically concerns interchanging prices, but no strained construction is necessary to conclude that OCGA § 16-8-14 (a) (2), dealing with altering price tags, was suitable. *Walker v. State*, 146 Ga. App. 237 (246 SE2d 206) (1978), is not controlling here, since in *Walker* the two Code subsections did not prohibit the same conduct.

In summary, no sound reason exists for finding a fatal variance between the accusation and the proof in this case. Accordingly, I must respectfully dissent.

I am authorized to state that Presiding Judge McMurray and Presiding Judge Banke join in this dissent.

DECIDED JULY 2, 1987.

*Alex L. Zipperer III*, for appellant.

*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney*, for appellee.