A89A0109. THOMAS v. THE STATE.
(385 SE2d 310)

DEEN, Presiding Judge.

The appellant, Joe Thomas, was convicted of 2 counts of theft by receiving stolen property. The evidence adduced at trial showed that at approximately 2:20 a.m. on May 11, 1987, a patrolling police officer observed Thomas standing between two vehicles parked in a car wash lot. The hoods of both vehicles were open, and the officer stopped and approached Thomas to see if something was wrong. The officer noticed that the ignition switches on both vehicles had been popped out, and, when a radio check revealed both vehicles to be stolen, he arrested Thomas. At the time Thomas explained that he was trying to jump-start his vehicle with a friend's vehicle. At trial, however, he claimed that his only connection with the two vehicles was that he had merely stopped on his way home to urinate between them.

The indictment charged Thomas with receiving and retaining stolen property, but in charging the jury the trial court read OCGA § 16-8-7, which defines theft by receiving stolen property as when a person "receives, disposes of, or retains stolen property . . . ." Thomas' sole contention on appeal is that a fatal variance between the allegata and the probata resulted from the use of the conjunctive "and" in the indictment but the disjunctive "or" in the jury charge.

" 'The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.' (Citations omitted.) *Berger v. United States*, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314)." *DePalma*

*v. State*, 225 Ga. 465, 469-70 (169 SE2d 801) (1969). The above requirements were met in the instant case; the proof did not vary from the allegations in the indictment. Compare *Nesmith v. State*, 183 Ga. App. 529 (359 SE2d 421) (1987). The trial court's reading of the Code section defining theft by taking, although not entirely applicable, did not have the effect of altering the State's burden of proof, because the trial court also instructed the jury that it should return guilty verdicts only if it found Thomas guilty as charged in the indictment. Cf. *Owens v. State*, 173 Ga. App. 309 (4) (326 SE2d 509) (1985).

*Judgment affirmed. Carley, C. J., McMurray, P. J., Banke, P. J., Birdsong and Pope, JJ., concur. Sognier, Benham and Beasley, JJ., dissent.*

BENHAM, Judge, dissenting.

I must differ with the conclusion of the majority that the trial court's reading of OCGA § 16-8-7 did not have the effect of altering the State's burden of proof. Although the court did give a correct charge on the doctrine of burden of proof, there were no remedial instructions given to clarify the difference between the indictment as drawn and the Code section as written.

The indictment specifically required that the jury, in order to convict appellant, find that appellant had *both* received *and* retained stolen property. Because OCGA § 16-8-7 is phrased in the disjunctive, it would allow the jury to elect whether the accused received, *or* disposed of, *or* retained stolen property, and to convict if it found that *any one* of those elements had occurred. Thus, charging the Code section presented the jury with an alternative, conflicting theory allowing a conviction with less proof than that demanded by the indictment. Therefore, I agree with appellant that the trial court's refusal to recharge or otherwise clarify the law to the jury, as requested, constituted reversible error. Accordingly, I respectfully dissent. See *Nesmith v. State*, 183 Ga. App. 529 (359 SE2d 421) (1987).

I am authorized to state that Judge Sognier joins in this dissent.

DECIDED JULY 10, 1989 —
REHEARING DENIED JULY 25, 1989 —

*Jonathan J. Wade*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Keith L. Lindsay, Assistant District Attorneys*, for appellee.