### A97A0062. PANEK v. THE STATE.
(485 SE2d 580)

POPE, Presiding Judge.

A jury convicted defendant John Raymond Panek of felony theft by shoplifting. Defendant appeals his conviction, contending that the trial court erred in failing to grant his motion for a directed verdict. We affirm.

The evidence shows that defendant went to a Home Depot store in Clayton County, Georgia. At the store, a security officer observed defendant cutting the uniform product code ("UPC") off of a box containing a scroll saw that was priced at $88. Defendant then cut the UPC off of a box containing an arc welder, priced at $192.50. He took the UPC from the scroll saw box and placed it where the arc welder box's UPC had been, securing it with tape. Defendant then tore up the real UPC for the arc welder and put the arc welder in a shopping cart, surrounding its box with lumber. After checking out of the store, defendant was detained by security and subsequently was arrested for shoplifting.

Under OCGA § 16-8-14 (a), "[a] person commits the offense of theft by shoplifting when he alone or in concert with another person, with the intent of appropriating merchandise to his own use without paying for the same or to deprive the owner of possession thereof or of the value thereof, in whole or in part, does any of the following: (1) Conceals or takes possession of the goods or merchandise of any store or retail establishment; (2) Alters the price tag or other price marking on goods or merchandise of any store or retail establishment; (3) Transfers the goods or merchandise of any store or retail establishment from one container to another; (4) Interchanges the label or price tag from one item of merchandise with a label or price tag for another item of merchandise; or (5) Wrongfully causes the amount paid to be less than the merchant's stated price for the merchandise." In the instant case, the State's accusation charged defendant with committing the act of shoplifting by "alter[ing] the price tag on one (1) welder, merchandise of Home Depot, a retail establishment, said price being in excess of $100.00." Thus, the charge was based on a violation of OCGA § 16-8-14 (a) (2). Defendant, however, argues that the evidence adduced at trial does not show that he altered any price tag, but instead that he interchanged price tags in violation of OCGA

§ 16-8-14 (a) (4). Consequently, based on *Nesmith v. State*, 183 Ga. App. 529 (1) (359 SE2d 421) (1987), defendant claims there was a fatal variance between the allegation found in the State's accusation against him and the proof presented at trial and, as a result, that he was entitled to a directed verdict. We cannot agree.

In *Nesmith*, we acknowledged the distinction between "altering" a price tag in violation of OCGA § 16-8-14 (a) (2) and "interchanging" a price tag in violation of OCGA § 16-8-14 (a) (4). Id. at 530 (1). In doing so, we determined that in the context of OCGA § 16-8-14, alter means "to cause to become different in some particular characteristic[,] without changing into something else." (Citation and punctuation omitted.) Id. Interchange, however, means "putting each of two things in the place of the other." (Citation and punctuation omitted.) Id. Based on the above definitions, we concluded that there was a fatal variance between the allegata and probata in *Nesmith* because the State had accused Nesmith of altering price tags, whereas the evidence showed only that he had replaced price tags found on certain items with tags taken from lower priced items. Id. at 529 (1).

In the case at bar, no such fatal variance exists. Contrary to defendant's assertion, the arc welder's UPC did not constitute the entire price tag for the welder. Instead, the welder's price tag consisted of a highlighted portion of the arc welder's box that contained not only the UPC, but also other information about the product. Consequently, the arc welder's UPC made up only a part of the whole price tag. Therefore, cutting off the welder's UPC and replacing it with the UPC from the scroll saw did not amount to the interchange of one price tag for another as contemplated by OCGA § 16-8-14 (a) (4). In light of the definitions set forth above, however, defendant's actions in cutting the UPC off the arc welder's box, destroying that UPC and replacing it with the UPC for the scroll saw, did constitute alteration of the arc welder's price tag. This is because defendant's actions. made the original price tag different than it had been by causing it to contain conflicting product/pricing information, but did not change the tag itself into something else.

Accordingly, we conclude that defendant was not entitled to a directed verdict based on his claim that a fatal variance existed between the State's allegations against him and the proof adduced at trial. And, based on the evidence produced at trial, we further conclude that any rational juror could have found defendant guilty of felony theft by shoplifting under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED APRIL 3, 1997.

Before Judge Simmons.

*Melnick, Moore & Elliott, Larry M. Melnick*, for appellant.

*Robert E. Keller, District Attorney, Lisa S. Estes, Per B. Normark, Assistant District Attorneys*, for appellee.