## A04A0488. ROMANO v. THE STATE.
(599 SE2d 234)

MILLER, Judge.

Patrick Romano appeals from his theft by shoplifting conviction, contending that there was a fatal variance between the proof at trial and the accusation against him. We find no merit in this contention and affirm.

The accusation against Romano charged him with unlawfully taking possession of Wal-Mart merchandise with the intent of appropriating it for his own use without paying for it. The evidence against Romano showed that he took a sticker for a lesser priced microwave and placed it on a more expensive microwave after discarding the proper price label. Romano then purchased the microwave at the lower, incorrect price.

Romano contends that there is fatal variance in the proof because the State should have charged him with interchanging price tags under OCGA § 16-8-14 (a) (4) instead of taking possession of goods under OCGA § 16-8-14 (a) (1).[1] Since the evidence showed that he interchanged a price tag, Romano argues there was a fatal variance in the proof.

---

[1] OCGA § 16-8-14 (a) (1) provides that a person commits theft by shoplifting by "[c]onceal-[ing] or tak[ing] possession of the goods or merchandise of any store or retail establishment."

In support of this argument, Romano relies upon statements made by Judge Beasley in her concurring opinion in *Nesmith v. State*, 183 Ga. App. 529, 531-532 (359 SE2d 421) (1987).[2] These statements are not binding authority; instead, we are bound by those made in the majority opinion. See *Green v. Green*, 263 Ga. 551, 553 (1) (437 SE2d 457) (1993). In the majority opinion in *Nesmith*, supra, we held that altering a price tag in violation of OCGA § 16-8-14 (a) (2) did not overlap with the meaning of interchanging a price tag in violation of OCGA § 16-8-14 (a) (4) based on the definitions of the words "alter" and "interchange." 183 Ga. App. at 530 (1). Thus, when the evidence before us showed that the defendant had interchanged price tags, but was charged with altering price tags, there was a fatal variance in the proof. Id. at 531 (1).

That is not the case here. Romano was charged with "taking possession" under OCGA § 16-8-14 (a) (1) and the evidence showed that he did in fact take possession of the goods. The fact that the State might also have charged him with interchanging price tags under OCGA § 16-8-14 (a) (4) does not create a fatal variance in the proof. See *Dotson v. State*, 160 Ga. App. 898, 899 (1) (288 SE2d 608) (1982) (evidence sufficient to prove charge of robbery by "use of force" even though evidence showed defendant "snatched" pistol, which was an alternative way to prove robbery).

Since the State proved the crime with which Romano was charged, we find no merit in his appeal and affirm.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 5, 2004.

*Carlisle, Wren & McClurg, William R. Carlisle,* for appellant.
*Gerald N. Blaney, Jr., Solicitor-General, Jeffrey P. Kwiatkowski, Emilien O. Loiselle, Jr., Assistant Solicitors-General,* for appellee.

---

[2] Judge Beasley stated that each of the five methods of proving theft by shoplifting under OCGA § 16-8-14 are mutually exclusive of the other. Id. at 531. This statement was not included in the majority opinion.