A10A0473. McGHEE v. THE STATE.

(692 SE2d 864)

BLACKBURN, Presiding Judge.

Following a jury trial, Ronald G. McGhee was convicted on one count of possession of methamphetamine,[1] one count of possession of drug related objects,[2] and one count of driving with a suspended license.[3] He appeals his convictions and the denial of his motion for new trial, challenging the sufficiency of the evidence and arguing that the trial court erred in admitting similar transaction evidence, in admitting statements he made while in police custody, and in failing to give one of his requested jury charges. For the reasons set forth below, we affirm.

1. We first address McGhee's challenge to the sufficiency of the evidence supporting his two drug-related convictions. "On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict and [McGhee] no longer enjoys a presumption of innocence." (Punctuation omitted.) *Dennis v. State*.[4] In evaluating the sufficiency of the evidence to support a conviction, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*.[5]

So viewed, the evidence shows that in the early afternoon of April 26, 2006, sheriff's deputies went to McGhee's residence in response to a 911 call by McGhee's son about a possible burglary in progress. Upon arriving at McGhee's residence, the deputies saw two men standing on the front porch. In questioning the men, the deputies learned that, unbeknownst to McGhee's son, the men were friends of McGhee and were waiting for McGhee to return home with the pickup truck that he had borrowed from one of them. While the deputies continued questioning McGhee's two friends, a red pickup truck, driven by McGhee, pulled into the driveway next door. One of the deputies approached McGhee and asked him for his driver's license, at which time McGhee admitted that his license had been suspended for several years. After running a computer check to confirm this information, the deputy arrested McGhee for driving with a suspended license. In the pat-down search incident to the arrest, the deputy found a small plastic bag containing methamphetamine in McGhee's wallet and a small glass pipe containing burnt

---

[1] OCGA § 16-13-30 (a).

[2] OCGA § 16-13-32 (a).

[3] OCGA § 40-5-121 (a).

[4] *Dennis v. State*, 294 Ga. App. 171 (669 SE2d 187) (2008).

[5] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

residue in one of his pockets.

McGhee was indicted on one count of possession of methamphetamine, one count of possession of drug related objects, and one count of driving with a suspended license. Prior to trial, McGhee moved to suppress the statements he made to the deputies on the day of his arrest, and the State filed a notice of its intent to present similar transaction evidence. Following a hearing on both issues, the trial court ruled that any statements made by McGhee before his arrest for driving with a suspended license were admissible but that any statements made after the arrest were inadmissible due to the deputies' failure to read McGhee the *Miranda* warnings. The court also ruled that it would allow the State to present similar transaction evidence.

At trial, the arresting deputy testified regarding his investigation, and a GBI forensic chemist testified that the substance found in McGhee's wallet tested positive for methamphetamine. Two other deputies testified that several months after his April 26, 2006 arrest, they detained McGhee at an outdoor party while attempting to execute arrest warrants for some of McGhee's friends. During that detention, the deputies found a glass pipe containing a burnt residue on McGhee's person, and McGhee admitted to having smoked methamphetamine two days earlier. Both the pipe residue and a urine sample, which McGhee voluntarily provided upon the deputies' request, tested positive for methamphetamine. In addition, one of the deputies testified that, based on his experience in investigating drug crimes, he believed that the pipe found after McGhee's April 26 arrest, which was never chemically tested, was used for smoking methamphetamine. At the trial's conclusion, the jury found McGhee guilty on all charges. Thereafter, McGee filed a motion for new trial, which the trial court denied. This appeal followed.

(a) *Possession of methamphetamine.* McGhee contends that the evidence was insufficient to sustain his conviction of possession of methamphetamine, arguing that the State failed to prove that the wallet in which the methamphetamine was found belonged to McGhee. We disagree. The jury was justified in concluding that the wallet containing the methamphetamine belonged to McGhee based on the deputy's testimony that the wallet was found on McGhee's person during the pat-down search incident to his arrest for driving with a suspended license. See *Morrison v. State*[6] (officer's testimony that methamphetamine was found in defendant's wallet was sufficient to support conviction). Accordingly, the evidence was sufficient to sustain McGhee's conviction of possession of methamphetamine.

---

[6] *Morrison v. State*, 272 Ga. App. 34, 41 (5) (611 SE2d 720) (2005).

(b) *Possession of drug related objects.* McGhee also contends that the evidence was insufficient to sustain his conviction of possession of drug related objects, arguing that the State failed to prove that the glass pipe, which was found in his pocket after his arrest, was a drug related object because it was never tested to determine whether it had been used to smoke methamphetamine. Again, we disagree. While the presence of drug residue in a pipe "may go to prove the element of 'intent to use' under OCGA § 16-13-32.2, such residue is not, in itself, an essential element of the crime." *Jones v. State.*[7] See *Washington v. State.*[8] Here, a deputy with experience investigating drug crimes testified that the pipe found on McGhee was used for smoking methamphetamine. Accordingly, the evidence was sufficient to support McGhee's conviction of possession of drug related objects. See id. at 572 (3).

2. McGhee contends that the trial court erred in admitting the similar transaction evidence. We disagree. "To admit evidence of independent acts, the State must show an appropriate purpose, sufficient evidence to establish that the accused committed the independent act, and a sufficient connection between the independent act and the crime charged." (Punctuation omitted.) *Dyer v. State.*[9] "Appropriate purposes include showing motive, plan, scheme, bent of mind, and course of conduct." *Cook v. State.*[10] "The trial court's decision to admit similar transaction evidence will not be disturbed absent an abuse of discretion." (Punctuation omitted.) *Dyer,* supra, 298 Ga. App. at 330 (2).

As previously noted, several months after his April 26, 2006 arrest, deputies detained McGhee and found him to be in possession of a glass pipe containing a burnt residue, which tested positive for methamphetamine. In addition, McGhee admitted to possessing methamphetamine only two days prior to this incident, and a toxicological test of his urine confirmed that he had recently used methamphetamine. Following a hearing on the issue, the trial court ruled that the evidence was admissible for the purpose of showing McGhee's bent of mind and intent.

McGhee argues that the trial court erred in admitting evidence of this subsequent incident because it was not sufficiently similar to the charges in this case. However,

the [S]tate does not have to establish that the [other]

[7] *Jones v. State*, 237 Ga. App. 847, 851 (4) (515 SE2d 841) (1999).
[8] *Washington v. State*, 283 Ga. App. 570, 572 (3) (642 SE2d 199) (2007).
[9] *Dyer v. State*, 298 Ga. App. 327, 329-330 (2) (680 SE2d 177) (2009).
[10] *Cook v. State*, 276 Ga. App. 803, 809 (6) (625 SE2d 83) (2005).

offense is identical in every respect to the charged offense, but must show only a sufficient connection between the two. In weighing whether prior transactions are admissible, courts focus on the similarities between the incidents, rather than their differences.

(Citation omitted.) *Ryan v. State*.[11] Here, the subsequent incident involved possession of methamphetamine and possession of a glass pipe used to smoke methamphetamine. Given the similarities of the subsequent incident to the current charges, the trial court did not abuse its discretion in admitting the similar transaction evidence. See *Martin v. State*;[12] *Ryan*, supra, 277 Ga. App. at 492 (1).

3. McGhee contends that the trial court erred in admitting statements he made while in police custody. Specifically, he argues that the court erred in admitting his statement that he had methamphetamine in his wallet, which he made to the arresting deputy, because the deputy failed to read *Miranda* warnings to him at the time of his arrest. However, McGhee's contention is belied by the record.

Following the *Jackson-Denno*[13] hearing, the trial court ruled that any statements made by McGhee before his arrest for driving with a suspended license were admissible, but those made after his arrest were inadmissible because the deputy failed to read *Miranda* warnings to him at the time of his arrest. At trial, the deputy who arrested McGhee testified that he found the methamphetamine during his pat-down search of McGhee incident to his arrest,[14] but the deputy made no mention whatsoever of McGhee's incriminating statements concerning the drugs. Thus, McGhee's contention that the trial court erred in admitting such statements is wholly without merit.

4. McGhee contends that the trial court erred in failing to give his requested jury instruction that was patterned after OCGA § 24-2-1 and read: "the evidence for you to consider must relate to the questions being tried and bear upon them directly or indirectly and you should exclude all irrelevant matter[s] from your deliberations." We disagree.

---

[11] *Ryan v. State*, 277 Ga. App. 490, 492 (1) (627 SE2d 128) (2006).

[12] *Martin v. State*, 291 Ga. App. 363, 368-369 (4) (662 SE2d 185) (2008).

[13] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[14] Even if we were to construe McGhee's contention as a claim that the contraband found on his person should have been suppressed as the fruit of his inadmissible statement, the contraband would still have been admissible under the inevitable discovery rule. The deputy arrested McGhee for driving with a suspended license, and had probable cause to do so. A lawful search of McGhee's person would have been performed incident to this arrest, and such a search inevitably would have revealed the methamphetamine and the glass pipe. See *Gearin v. State of Ga.*, 218 Ga. App. 390, 391 (1) (461 SE2d 562) (1995).

"It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error." (Punctuation omitted.) *Carson v. State*.[15] "If any portion of a requested charge is inapt, incorrect, misleading, confusing, not adequately adjusted or tailored, or not reasonably raised by the evidence, denial of the charge request is proper." (Punctuation omitted.) *Johnson v. State*.[16] Here, McGhee's requested charge referred to the trial court's duty to exclude irrelevant evidence. See *Knapp v. State*.[17] However, McGhee is unable to cite to any instance during trial in which the trial court failed to exclude irrelevant evidence. Thus, the trial court properly refused to give this charge. See *Johnson*, supra, 293 Ga. App. at 39-40 (6).

Nevertheless, McGhee argues that the requested charge should have been given in light of the trial court's admission of the State's similar transaction evidence. This contention is without merit as McGhee's requested charge does not pertain to similar transaction evidence. Furthermore, the trial court instructed the jury on the law pertaining to similar transaction evidence by providing the pattern instruction on that issue. See Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Vol. II, § 1.34.10 (4th ed. 2007). "A trial court's refusal to give a jury charge in the exact language requested by a defendant is not error if the charge given by the trial court substantially covers the applicable principles of law." *Keita v. State*.[18] Here, not only did the trial court's instruction cover the principles of law relevant to similar transaction evidence, unlike McGhee's requested instruction, it did so accurately. Accordingly, the trial court did not err in refusing to give McGhee's requested charge.

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED MARCH 31, 2010.

*Louis M. Turchiarelli*, for appellant.
*Garry T. Moss, District Attorney, Robert G. Morton III, J. Clifford Head, Assistant District Attorneys*, for appellee.

---

[15] *Carson v. State*, 259 Ga. App. 21, 24 (5) (576 SE2d 12) (2002).
[16] *Johnson v. State*, 293 Ga. App. 32, 39 (6) (666 SE2d 452) (2008).
[17] *Knapp v. State*, 229 Ga. App. 175, 177 (2) (493 SE2d 583) (1997).
[18] *Keita v. State*, 285 Ga. 767, 771 (4) (684 SE2d 233) (2009).